UNITED STATES of America,
Plaintiff-Appellee,

v.

James W. MENDELL,
Defendant-Appellant.

No. 75–2344.

United States Court of Appeals,
Sixth Circuit.

Submitted June 14, 1976.

Decided July 20, 1976.

Henry A. Martin, Haile & Martin, Nashville, Tenn., for defendant-appellant.

James Mendell, pro se.

Charles H. Anderson, U. S. Atty., Richard L. Windsor, Nashville, Tenn., for plaintiff-appellee.

Before WEICK, EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

Appellant was convicted under the Dyer Act, 18 U.S.C. § 2312 (1970), for transporting a stolen vehicle in interstate commerce and sentenced to two and one-half years imprisonment. There was ample evidence presented before the United States District Court in Nashville from which the jury could have found guilt beyond a reasonable doubt.

The only issue presented pertains to the question as to whether or not the government introduced reversible error into the record by calling as a witness a young lady who had given a statement to an FBI Agent, which statement described defendant's role in the theft of a Volkswagen from an automobile lot in Cincinnati, Ohio. Appellant contends that prior to calling this witness, Genny Leicht, the government knew that she was going to assert that she did not remember and that the government placed her on the witness stand just for the purpose of subsequently impeaching her evidence by the testimony of the FBI Agent, which otherwise would have been hearsay. In this respect appellant relies upon Rule 403 of the Federal Rules of Evidence, which reads as follows:

Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Prior to Miss Leicht's testimony the government had presented the evidence of Stephen Dale Clark, who had testified about the roles of both defendant and Miss Leicht on the day of the theft of the Volkswagen and had placed Miss Leicht on the scene. Her evidence was certainly relevant either to confirm or dispute Clark's testimony.

In the end, although on the witness stand she denied remembering the answers to most of the questions asked her, she flatly denied the essential testimony of Clark pertaining to her, namely, that she had gone to the Volkswagen lot with Clark and the defendant and that she and the defendant followed Clark as he drove the Volkswagen away. Under these circumstances, we believe that the trial judge was correct in ruling that she was a hostile witness and allowing impeachment of her testimony through the testimony of the FBI Agent concerning the statement which she earlier had given to him. The District Judge properly instructed the jury that the testimony of the FBI Agent should be considered for impeachment purposes only.

The judgment of the District Court is affirmed.